UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HERNAN GOMEZ-GUTIERREZ,<br><br>Defendant. | Case No. 1:13-cr-00123-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Hernan Gomez-Gutierrez's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 496. The Government has filed an opposition to the motion, and the matter is ripe for the Court's consideration. Dkt. 498.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court finds good cause to DENY Gomez-Gutierrez's Motion for the reasons set forth below.

## II. BACKGROUND

On July 28, 2014, the Court sentenced Gomez-Gutierrez to 180 months imprisonment and five years supervised release for Conspiracy to Distribute

Methamphetamine. Dkt. 388, at 2. In sentencing Gomez-Gutierrez, the Court took into account multiple increases to his advisory guideline range, such as for possession of a dangerous weapon (a firearm) during the commission of the crime, for the use of credible threats of violence during the conspiracy, and for his role as the "organizer or leader of the conspiracy." Dkt. 321, at 24.

Gomez-Gutierrez is currently incarcerated at the Federal Correctional Institution in Bruceton Mills, West Virginia ("FCI Hazelton").

### III. LEGAL STANDARD

Defendant seeks compassionate release under the First Step Act ("FSA"), newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[1] First, in order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*. If the latter criteria are met, the district court must then consider the sentencing factors outlined in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification by either the Director of the BOP; or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Although the evidence in the record does not conclusively show that Gomez-Gutierrez submitted a request to the BOP, he states in his motion that he filed a request as required. Gomez-Gutierrez further asserts that 30 days have elapsed since his initial request. Dkt. 496, at 3. Therefore, to afford Gomez-Gutierrez every benefit, the Court assumes without deciding that he exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Having assumed Gomez-Gutierrez exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Gomez-Gutierrez's sentence. Additionally, the Court must decide if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Gomez-Gutierrez bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate

MEMORANDUM DECISION AND ORDER - 3

release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. April 6, 2020).

"Extraordinary and compelling reasons" are defined as (A) medical conditions of the defendant that limit the inmate's ability to provide self-care; (B) age of the defendant; (C) certain family circumstances; and (D) or other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. 18 U.S.C. § 3582(c)(1)(A). [2]

Gomez-Gutierrez makes no claim of any underlying health issues that would be compounded by contracting COVID-19. Nor does the defendant proffer any evidence or make mention of any other terminal illness or circumstance that would justify the rare grant of compassionate relief. Instead, the defendant merely alleges that the prison's day-to-day operations during the pandemic constitute "extraordinary circumstances." However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular

---

[2] §1B1.13- United States Sentencing Commission: Reduction in Term of Imprisonment Commentary:

1. Extraordinary and Compelling Reasons. —Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant. —

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I)    suffering from a serious physical or medical condition,

            (II)   suffering from a serious functional or cognitive impairment, or

            *(III)*  experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

MEMORANDUM DECISION AND ORDER - 4

prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Currently, there is little evidence demonstrating the conditions at FCI Hazelton are any more precarious than they are outside the facility. At present, there are zero cases of COVID-19 at FCI Hazelton and the facility has inoculated over 1,700 inmates.[3]

### C. Factors to be Considered Under 18 U.S.C. § 3553(a).

In addition to analyzing whether "extraordinary and compelling" circumstances exist, the Court must also examine the factors detailed in 18 U.S.C. § 3553(a).[4] Gomez-Gutierrez's role as the leader of a conspiracy that dealt in *pounds* of Methamphetamine, the violent nature of the conspiracy that included multiple shootings, and the forfeiture of numerous firearms demonstrates the seriousness of the offense. Dkt. 214, Dkt. 321, at 4-24. As the leader of a conspiracy that moved such large amounts of methamphetamine, Gomez-Gutierrez showed a complete lack of respect for the law. Additionally, his willingness to allow the use of violence in furtherance of *his* conspiracy is a serious offense that puts the community at risk. Based on this, the Government asserts, and the Court

---

[3] *Coronavirus*, FEDERAL BUREAU OF PRISONS (last updated May 20, 2021), https://www.bop.gov/coronavirus/index.jsp.

[4] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

MEMORANDUM DECISION AND ORDER - 5

agrees, that Gomez-Gutierrez is still a danger to the community. Dkt. 498, at 9.

In sum, the Court assumes that Gomez-Gutierrez has exhausted his administrative remedies. However, he has failed to demonstrate an "extraordinary and compelling reason" warranting his release. Additionally, due to the nature of his underlying offense, the sentencing factors outlined in 18 U.S.C. § 3553(a) cut against his motion and a sentence modification would not be in line with the policy guidelines of 18 U.S.C. § 3553(a). Therefore, weighing all relevant factors, the Court will not depart from its prior sentence and release Gomez-Gutierrez at this time. Accordingly, the Court DENIES the motion for compassionate relief.

## V. ORDER

The Court HEREBY ORDERS:

1. Hernan Gomez-Gutierrez's Motion for Compassionate Release (Dkt. 496) is **DENIED**.

DATED: June 11, 2021

David C. Nye
Chief U.S. District Court Judge