UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HERNAN GOMEZ-GUTIERREZ,<br><br>Defendant. | Case No. 1:13-cr-00123-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Hernan Gomez-Gutierrez's Motion to Reconsider and for Appointment of Counsel. Dkt. 503.[1] Gomez-Gutierrez asks the Court to reconsider its prior Order denying his Motion for Compassionate Release. Dkt. 501. The Government elected not to respond to either motion and the matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons below, the Court finds good cause to DENY the motions.

---

[1] Gomez-Gutierrez filed a supplement to his motion (Dkt. 507) which the Court has also reviewed.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On July 28, 2014, the Court sentenced Gomez-Gutierrez to 180 months imprisonment and five years supervised release for Conspiracy to Distribute Methamphetamine. Dkt. 388, at 2. In sentencing Gomez-Gutierrez, the Court considered multiple increases to his advisory guideline range, such as for possession of a dangerous weapon (a firearm) during the commission of the crime, for the use of credible threats of violence during the conspiracy, and his role as the "organizer or leader of the conspiracy." Dkt. 321, at 24.

Gomez-Gutierrez is currently incarcerated at the Federal Correctional Institution in Bruceton Mills, West Virginia ("FCI Hazelton"). In March 2021, Gomez-Gutierrez filed a Motion for Compassionate Release. Dkt. 496. The Court denied his motion primarily because Gomez-Gutierrez failed to show "extraordinary and compelling reasons" to justify a reduction in his sentence. Dkt. 501.

Gomez-Gutierrez recently filed a Motion to Reconsider and a Motion for Appointment of Counsel. Dkt. 503. Central to Gomes-Gutierrez's argument is his contention that the Court improperly relied on the policy guidelines enumerated in § 1B1.13 in violation of recent Ninth Circuit caselaw. Dkt. 503, at 1.

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure permit courts to reconsider and amend previous orders. *E.g.*, Fed. R. Civ. P. 59(e). "The Court does not take reconsideration lightly . . .. To succeed on a motion to reconsider, a party must first establish they have a right to ask for reconsideration; that is to say, they must establish one or more of the limited

MEMORANDUM DECISION AND ORDER - 2

grounds for reconsideration are present." *United States, ex. rel. Rafter H Construction, LLC, v. Big-D Construction Corp.*, 358 F. Supp 3d 1096, 1098 (D. Idaho 2019). Once the moving party has established the right, the moving party then bears the burden of persuading the Court "that their purported reasons rise to the level of reversal." *Id.*

The four limited grounds upon which a district court may grant a motion for reconsideration are: "(1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law." *Coffelt v. Yordy*, No. 1:16-CV-00190CWD, 2016 WL 9724059, at *1 (D. Idaho November 30, 2016) (citing *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)); *see also Carrol v. Nakatani*, 342 F. 3d 934, 945 (9th Cir. 2003) (explaining that motions to reconsider are "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources") (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

## IV. DISCUSSION

### A. Motion to Reconsider

There are several reasons for the Court to deny Gomez-Gutierrez's motion. First, Gomez-Gutierrez identifies no right for the Court's reconsideration. He cites no rule,

discusses no case law, and provides no authority providing the Court a basis to do so. This alone is fatal to his motion. *See Big-D Const. Corp.*, 358 F. Supp. at 1098 (holding that, as a threshold matter, the moving party must establish a right to ask for reconsideration under the Federal Rules of Civil Procedure).

Next, even if Gomez-Gutierrez had established a right to move for reconsideration, as is required, the outcome would, nonetheless, be the same because Gomez-Gutierrez has not persuaded the Court that its prior analysis rises to the level of reversal. Though the court is not obligated to do so, it will briefly analyze Gomez-Gutierrez's claim as though brought correctly under the relevant Federal Rule of Civil Procedure 59(e), which allows the Court to alter or amend its judgment.

A party moving for reconsideration under the Federal Rules for Civil Procedure must "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Mendez v. Moonridge Neighborhood Ass'n, Inc.*, No. 1:19-CV-00507-DCN, 2021 WL 2444161, at *2 (D. Idaho June 15, 2021) (cleaned up). Generally, these include (1) an intervening change in law; (2) the discovery of previously unknown evidence; and (3) the correction of a clear or manifest error in law or fact.

Again, while not explicitly stating so, Gomez-Gutierrez brings his motion under the third prong, alleging that the Court misapplied the law and committed a reversible error. In essence, Gomez-Gutierrez claims the Court improperly considered the definition of "extraordinary and compelling reasons" as provided by the United States Sentencing Commission in the application notes of U.S.S.G. § 1B1.13 when determining if he was eligible for a compassionate release. He argues that in light of a recent case out of the Ninth

Circuit, *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), the definitions provided in U.S.S.G. § 1B1.13 are not binding on district courts and that the Court's decision to rely on the Commission's statements was erroneous. Dkt. 503, at 1.

True enough, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). A growing number of district courts, however, have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant compassionate release." *Rodriguez*, 411 F. Supp. 3d at 682 (collecting cases). That said, other courts have concluded, "a judge may not stray beyond the specific instances listed in [U.S.S.G. § 1B1.13]." *Mondaca*, 2020 WL 1029024, at *3 (citations omitted); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (stating U.S.S.G. § 1B1.13's descriptions of extraordinary and compelling reasons "remain current, even if references to the identity of the moving party are not"). *See also Brown*, 411 F. Supp. 3d at 451 (district courts "still must act in harmony with any sentencing policy guidelines that remain applicable and the § 3553(a) factors").

Gomez-Gutierrez argues that because of this conflicting caselaw, the guidelines in 1B1.13 should not apply *at all* in his case. The Court understands and appreciates the confusing nature of this situation. However, the Ninth Circuit—in the case Gomez-Gutierrez cites in support of his motion—clearly held that while the Sentencing Commission's statements are "not binding," they "may inform" a district court's decision on compassionate release motions. *Aruda*, 993 F.3d at 802.

MEMORANDUM DECISION AND ORDER - 5

Thus, while the Sentencing Commissions' applications notes in regard to U.S.S.G. § 1B1.13 may not be binding, they are still persuasive and can be used to inform and guide the Court. Upon reexamination of the Court's order denying Gomez-Gutierrez's Motion for Compassionate Release (Dkt. 503), the Court finds no glaringly obvious defect in its analysis (including its application of U.S.S.G. § 1B1.13) that would rise to the level of a clear and manifest error in law that would justify a reversal of its decision. The Court noted that Gomez-Gutierrez had not conclusively established that he had exhausted his administrative remedies, but allowed him to proceed to "afford [him] every benefit." *Id*. at 3. The Court then found that Gomez-Gutierrez had not pointed to any extraordinary or compelling reason—listed in U.S.S.G. § 1B1.13 or otherwise—that would allow it to modify or reduce his sentence.[2] Finally, the Court reviewed the applicable sentencing factors and found they cut *against* Gomez-Gutierrez's request.

In sum, the Court utilized the application notes from U.S.S.G. § 1B1.13 but found independent reasons to deny Gomez-Gutierrez's motion. Such did not violate the Ninth Circuit's holding in *Aruda*.

### B. Motion to Appoint Counsel

There is no constitutional right to appoint counsel in a post-conviction proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings (including a request for compassionate release or

---

[2] In essence, Gomez-Gutierrez generically asserted that FCI Hazelton's poor response to the COVID-19 pandemic justified his release. The Court reviewed and rejected this argument.

2255 motions) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). The Court has reviewed Gomez-Gutierrez's request and, in light of the facts of this case, finds no reason to appoint counsel.

## V. ORDER

IT IS HEREBY ORDERED that:

1. Gomez-Gutierrez's Motion to Reconsider and to Appoint Counsel (Dkt. 503) is DENIED in both respects.

DATED: August 24, 2021

_____
David C. Nye
Chief U.S. District Court Judge