UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>HERNAN GOMEZ-GUTIERREZ,<br><br>    Defendant. | Case No. 1:13-cr-00123-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Hernan Gomez-Gutierrez's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 563. The Government has not filed a response. The matter is ripe for review.[1]

Having reviewed the record, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

---

[1] Gomez-Gutierrez filed an additional letter in support of his Motion. Dkt. 565. This letter, written by Gomez-Gutierrez's niece outlines the strides he has taken to improve his life while incarcerated and discusses Gomez-Gutierrez's mother's health and the family's desire that he be able to see her before she passes away. The Court appreciates the letter and will give it the weight it deems appropriate.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On July 28, 2014, after pleading guilty to one count of conspiracy to distribute methamphetamine, the Court sentenced Gomez-Gutierrez to 180 months incarceration with five years of supervised release to follow. Dkt. 388, at 2.[2]

The sentencing guideline range for this case, as calculated by United States Probation, was 360 months to life. Dkt. 322, at 1. At sentencing, the government recommended a three-level downward departure for Gomez-Gutierrez's acceptance of responsibility, a two-level downward departure based on proposed amendments by the Sentencing Commission, and a four-level downward departure based on 5K1.1 cooperation. Dkt. 413, at 59–60. The Court agreed, adopted a guideline range of 168 months to 210 months, and then imposed a sentence of 180 months—squarely within the guideline range. *Id*. at 73.

Gomez-Gutierrez is currently incarcerated at the Federal Correctional Institution in Bruceton Mills, West Virginia ("FCI Hazelton"), with an anticipated release date of May 11, 2026. Dkt. 563, at 1; Dkt. 563-2, at 1.

Gomez-Gutierrez appealed his original sentence. Dkt. 389. The Ninth Circuit affirmed the judgment of the Court, and issued a decision to that effect on October 21, 2015. Dkt. 436.

On April 27, 2017, Gomez-Gutierrez filed a Motion to Set Aside or Correct

---

[2] At the time of sentencing, Judge Edward J. Lodge presided over this case. Due to Judge Lodge taking inactive senior status, the case was reassigned to the undersigned on January 27, 2020. Dkt. 476.

Sentence. CV-179 Dkt. 1.[3] The Court dismissed the motion, finding that Gomez-Gutierrez's claims were "unsupported by the facts and refuted by the record." CV-179, Dkt. 4, at 1.

On March 2, 2021, Gomez-Gutierrez filed his first motion for compassionate release. Dkt. 496. The Court denied his motion primarily because Gomez-Gutierrez failed to show "extraordinary and compelling reasons" to justify a reduction in his sentence. Dkt. 501. On June 24, 2021, Gomez-Gutierrez filed his second motion for compassionate release or Motion to Reconsider (Dkt. 503), which the Court again denied on similar grounds (Dkt. 510, at 6).

On January 10, 2023, Gomez-Gutierrez filed the instant Motion for Compassionate release; his third such motion. Dkt. 563. As required, Gomez-Gutierrez first petitioned the Warden at FCI Hazelton for release. Dkt. 563-1. There is no evidence submitted to indicate that the Warden has responded. Thus, because at least 30 days have passed since submission of the request, Gomez-Gutierrez may petition the Court for relief. 18 U.S.C.§ 3582(c)(1)(A).

Gomez-Gutierrez bases his request mainly on recent caselaw suggesting that the purity of methamphetamine no longer adequately supports a harsher guideline sentence. Dkt. 563, at 2–3. Gomez-Gutierrez also claims that he never got credit for his acceptance

---

[3] In this Order, "CV-179" is used when citing to Gomez-Gutierrez's civil case record 1:17-cv-00179-ELJ. All other docket citations are to the record in the criminal action.

MEMORANDUM DECISION AND ORDER - 3

of responsibility[4] and further urges the Court to consider the harsh[5] conditions at FCI Hazelton as warranting early release. *Id*. at 9.

### III. LEGAL STANDARD

Gomez-Gutierrez seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[6] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[7] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18

---

[4] There is nothing in the record that supports Gomez-Gutierrez's claim that he did not receive credit for his acceptance of responsibility. In fact, everything in the record indicates that the opposite is true. At the sentencing hearing, Judge Lodge made it clear that he granted a three-level downward departure for acceptance of responsibility. Dkt. 413, at 76. The Court finds that Gomez-Gutierrez did receive the benefit of an acceptance of responsibility and will, therefore, not address this claim further.

[5] The conditions that Gomez-Gutierrez deems "harsh" are staff shortages and "onerous lockdowns." Dkt. 563, at 9. Apart from Gomez-Gutierrez's assertion, there is nothing in the record to suggest that conditions at FCI Hazelton are exceedingly harsh in any way. Therefore, the Court will not address this claim further.

[6] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[7] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 4

U.S.C. § 3553(a) to the extent that they are applicable. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Gomez-Gutierrez submitted a request for Compassionate Release with the Warden at FCI Hazelton on March 31, 2022, and there has been no response. Dkt. 563-1, at 1. Because Gomez-Gutierrez filed his present Motion 30 days after submitting his request to the Warden with no response, the Court finds that he has exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

Having determined that Gomez-Gutierrez has exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in his sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Gomez-Gutierrez bears the burden of establishing that compelling and

MEMORANDUM DECISION AND ORDER - 5

extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). This assumption is no longer consistent with the law under the FSA, which allows defendants to seek relief directly from the court. As such, the question of whether district courts are strictly bound by the Sentencing Commission's statements in U.S.S.G. § 1B1.13 when considering prisoners' motions for compassionate release—as they are when considering motions by the Director of the BOP—was momentarily left open. The Ninth Circuit has recently answered that question in the negative. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (holding that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."). Therefore, the guidelines in U.S.S.G. § 1B1.13 "may inform a district court's

MEMORANDUM DECISION AND ORDER - 6

discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

Gomez-Gutierrez argues that recent caselaw[8] suggests that the purity of methamphetamine no longer supports the disparity in the U.S. Sentencing Commission's sentencing guidelines regarding "mixed" and "actual" methamphetamine, and that this constitutes an "extraordinary and compelling reasons" justifying compassionate release under subdivision (D) of U.S.S.G. § 1B1.13. Dkt. 563, at 2, 9.

It is Gomez-Gutierrez's contention that were he sentenced today, he would receive a lesser sentence due to this understanding of the "mixed" and "actual" methamphetamine guidelines. Although a downward departure based on the disparity between sentences using the "mixed" guideline as opposed to the "actual" guideline was not argued at sentencing, Judge Lodge did adopt a lower guideline range of 168 months to 210 months. Dkt. 413, at 72. The guideline sentence for Gomez-Gutierrez's offense was 360 months to life. Dkt. 321, at 29. The sentence he received was *half* of the minimum end of that range. Additionally, Judge Lodge specifically considered and rejected a lower sentence of 168 months, finding it too low to reflect the nature of the crime. *Id*.

It is apparent to the Court that Gomez-Gutierrez has been afforded every benefit in this case, and it is unlikely that consideration of the "mixed" methamphetamine guideline range would have significantly affected his sentence. And even if it could be said that considering this disparity would have resulted in a different guideline range, such does not

---

[8] Specifically, Gomez-Gutierrez refers to *United States v. Robinson*, 2022 WL 17904534 (S.D. Miss. December 23, 2022) which cites *United States v. Hartle*, 2017 WL 2608221, at *2 (D. Idaho June 15, 2017) in support of its conclusion that the purity of methamphetamine is "no longer probative of the defendant's culpability." Indeed, this Court has repeatedly accounted for the disparity between "mixed" and "actual" methamphetamine at sentencing by utilizing the "mixed" guidelines.

MEMORANDUM DECISION AND ORDER - 7

mean the Court *must* change Gomez-Gutierrez's sentence now. Whether to apply departures or variances, and the degree to which any sentencing factor contributes to the overall sentence, is left to the discretion of the sentencing judge. There is nothing to indicate Judge Lodge erred here, or evaluated matters outside of his discretion, and the Court will not re-visit the sentence he imposed.

On that wise, the 18 U.S.C. 3553(a) factors weigh against Gomez-Gutierrez's release at this time.[9] Gomez-Gutierrez has failed to demonstrate how release reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. As outlined in the Presentence Investigation Report, Gomez-Gutierrez conspired with ten co-defendants to distribute methamphetamine while in possession of a firearm and using violence or threats of violence. Additionally, Gomez-Gutierrez acted as an organizer or leader in the conspiracy and that role is reflected in his sentence. *Id*. at 6. It is the determination of the Court that the public is currently best protected by Gomez-

---

[9] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 8

Gutierrez's continued incarceration. As such, all four factors set forth in 18 U.S.C. § 3553(a)(2) weigh against releasing Gomez-Gutierrez early.

In sum, the Court finds that Gomez-Gutierrez has exhausted his administrative remedies. However, he has failed to demonstrate an "extraordinary and compelling" reason for his release and has failed to show that such a reduction in his sentence is consistent with the goals of 18 U.S.C. § 3553(a) sentencing factors. The Court takes note of the recent consensus among courts regarding the disparity between "mixed" and "actual" methamphetamine, but as Gomez-Gutierrez already received the benefit of a lower guideline range, the Court is not inclined to reduce Gomez-Gutierrez's sentence on those grounds. Weighing all the relevant factors, the Court cannot depart from its prior sentence and release Gomez-Gutierrez at this time. Accordingly, the Court must DENY Gomez-Gutierrez's motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Gomez-Gutierrez's Motion for Compassionate Release (Dkt. 563) is DENIED.

DATED: August 21, 2023

David C. Nye
Chief U.S. District Court Judge